UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EXPORT DEVELOPMENT CANADA,

    Plaintiff,

v.

MAGNA SEATING OF AMERICA, INC.,

    Defendant.

Case No. 20-10587
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER GRANTING MAGNA'S MOTION TO DISMISS [9]**

    Magna Seating of America Inc., an automobile parts supplier based in Michigan, hired a Canadian quality control provider but allegedly failed to pay nearly a third of its invoices. Export Development Canada (EDC), a Canadian insurer, filed this action to collect the outstanding balance. Magna does not dispute that it never paid. Instead, Magna moves to dismiss the action for failure to state a claim and *forum non conveniens*. For the reasons that follow, the Court grants the motion to dismiss under the doctrine of *forum non conveniens*.

## I. Background

    As its name suggests, Defendant Magna Seating of America, Inc. manufactures seating for automobiles, including those sold by General Motors. Magna is incorporated in Delaware and maintains its headquarters in Novi, Michigan. (ECF No. 1, PageID.1.) Under its supplier contract, General Motors required Magna to engage a third-party quality control provider. Magna hired TFT Global, Inc., a Canadian company that inspects and sorts defective or non-conforming auto parts. (*Id.* at PageID.2.)

    Magna and TFT entered into a contract on March 19, 2015, for the quality control services ("the TFT Contract"). (ECF No. 1-3.) The contract contains a choice of law and forum selection

clause that provides: "Any dispute under this agreement or related to this agreement shall be decided in accordance with the laws of the Province of Ontario, and shall be litigated in the courts of the Province of Ontario." (*Id.* at PageID.20.)

The contract provides a start date of March 19, 2015, and an expiry date just two days later, on March 21, 2015. (*Id.* at PageID.19.) TFT's representative signed the contract on March 20, the day after the contract purportedly became effective. (*Id.*) Magna's representative signed the contract on March 27, six days after the contract purportedly expired (i.e., if 2015 was not a typographical error). (*Id.*)

The parties' working relationship continued for two years after the short period provided by the terms of the contract. TFT inspected Magna's products from March 2015 until August 2017. (ECF No. 1-4, ECF No. 1–5.) During the two years they worked together, TFT sent 62 invoices to Magna, but Magna paid just 34 of them. (ECF No. 1, PageID.5; ECF No. 1-5.) The outstanding balance for the 28 unpaid invoices is $216,242.89, according to the complaint. (*Id.*) Magna periodically sent purchase orders confirming the invoices it received. (ECF No. 1, PageID.5.) Three of those purchase orders acknowledged 11 invoices that were never paid. (ECF No. 1, PageID.6.) TFT repeatedly attempted to seek payment, but Magna refused to pay. (*Id.*) Magna does not dispute that it never paid 28 of the invoices. (See ECF No. 9, 12.)

TFT reported the nonpayment to its insurer, Export Development Canada (EDC), a Canadian Crown corporation established by the Canadian Export Development Act of 1985. (ECF No. 1, PageID.1, 6.) EDC covered the loss under TFT's credit insurance policy. In exchange, TFT assigned all rights and interests in its claims against Magna to EDC. (ECF No. 1, PageID.6.)

EDC filed this action to collect the outstanding balance under the contract, asserting a claim for breach of contract, or in the alternative, for unjust enrichment. (ECF No. 1.) Magna now moves

to dismiss the action for failure to state a claim and under the doctrine of *forum non conveniens*. (ECF No. 9.)

Magna offers four grounds for dismissal of the entire action: standing, the statute of limitations, *forum non conveniens* in favor of Ontario, and in the alternative, forum non conveniens in favor of the Middle District of Tennessee. Specifically, Magna argues that the TFT Contract expired on March 21, 2015, according to its express terms, and all business between the parties was actually governed by the Terms & Conditions incorporated by Magna's Purchase Orders. The Magna Terms & Conditions prohibit the assignment of interest, impose a one-year statute of limitations for any claims, and select the Middle District of Tennessee as the forum of choice. (ECF No. 9-3.) Therefore, Magna argues, the assignment of rights to EDC is invalid and it has no standing in this action, and the claims are time-barred. But Magna's arguments for dismissal on the basis of forum conflict with Magna's premise that the Magna Terms & Conditions govern this dispute. Regarding the proper forum, Magna first argues that the forum selection clause in the TFT Contract requires dismissal and transfer to the Province of Ontario under the doctrine of *forum non conveniens*. In the alternative, Magna argues that the Magna Terms & Conditions require any surviving portion of this action to be transferred to the Middle District of Tennessee.

Given the battling forum selection clauses, the first question for the Court is whether this is the proper forum for this action.

## II. Forum Non Conveniens

In cases where the alternative forum is abroad, federal courts have the power to dismiss damages actions under the common-law *forum non conveniens* doctrine. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722 (1996) (citing *American Dredging Co. v. Miller*, 510 U.S. 443, 449, n. 2 (1994)). Where the alternative forum is another federal court of the United States, the transfer of

venue function of the *forum non conveniens* doctrine has now been superseded by 28 U.S.C. § 1404(a). *Quackenbush*, 517 U.S. at 722 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981)). Magna moves to dismiss the entire action in favor of the foreign forum under the common law doctrine of *forum non conveniens*, or, in the alternative, to transfer the action to the Middle District of Tennessee under 28 U.S.C. § 1404(a). (ECF No. 9, PageID.88–94.)

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013). The proper remedy is either transfer to the proper federal forum or "outright dismissal" in favor of a foreign forum. *Id.* (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007); 28 U.S.C. § 1404(a)).

The enforceability of a forum selection clause is governed by federal law in a diversity suit such as this. *See Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009). If a party raises *forum non conveniens* in a dispute without a forum selection clause, dismissal is appropriate if the defendant establishes "that the claim can be heard in an available and adequate alternative forum" and that "trial in the chosen forum would be unnecessarily burdensome for the defendant or the court" based on the balance of private and public factors. *Duha v. Agrium, Inc.*, 448 F.3d 867, 873 (6th Cir. 2006) (citing *Gulf Oil Corp v. Gilbert*, 330 U.S. 501, 508–09 (1947); *Piper Aircraft Co. v. Reyno*, 454 U.S 235, 256 n. 23 (1981)). But "[t]he calculus changes . . . when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Atl. Marine*, 571 U.S. at 62 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause," *id.* at 62, or dismiss the action "outright" if the clause selects a foreign forum, *id.* at 60. "Only under extraordinary

4

circumstances unrelated to the convenience of the parties should [a *forum non conveniens*] motion be denied." *Id*. at 62.

Neither party disputes that the TFT Contract contains a forum selection clause that was valid at least at some point between the parties. Yet both parties have adopted somewhat creative positions on forum. EDC, despite being a Canadian corporation and seeking to enforce the TFT Contract, chose to file suit here in the Eastern District of Michigan. EDC argues that the convenience of the parties overrides the forum selection clause and that Michigan, not Ontario, is the more convenient forum because Magna is headquartered here and TFT has nearby facilities in Lansing and just across the bridge in Ontario. (ECF No. 11, PageID.148.) Meanwhile, Magna disputes the enforceability of the TFT Contract, *except* for the forum selection clause. (ECF No. 9, PageID.88–91.) Magna argues that the Court should enforce the forum selection clause in the TFT Contract—but none of its other terms—and dismiss this action because it belongs in Ontario. (*Id.*) In that case, Magna will consent to process and jurisdiction in Ontario for purposes of this action only and without waiving any defenses. (ECF No. 12, PageID.325.) If the Court declines to dismiss the case, then Magna argues that the Middle District of Tennessee is the correct forum because the TFT Contract terminated according to its express expiry date and Magna's Purchase Orders govern the parties' business. (ECF No. 9, at PageID.90.) Magna reasons that although its headquarters are located in the Eastern District of Michigan, all relevant services here were performed at its Tennessee facility and nearly all sources of proof would be in Tennessee and Ontario. (*Id.*)

Both parties cite *Delta Alcohol Distributors v. Anheuser-Busch Int'l, Inc*., 28 F. Supp. 3d 682 (E.D. Mich. 2014), in support of their arguments. The Court agrees that case is on point. In *Delta*, the plaintiff distributor sued Anheuser-Busch for various tort claims after Anheuser-Busch terminated their contract in Iraq for Delta's alleged violation of anti-corruption laws. *Id.* at 686.

5

Their contract provided: "All disputes shall be submitted to the exclusive jurisdiction of the courts of Geneva." *Id.* at 688. Delta sued in the Eastern District of Michigan and argued that the forum selection clause no longer applied because the contract was terminated. This Court rejected that argument, holding that Delta's allegations—that Anheuser-Busch fraudulently induced Delta to enter the contract, misappropriated trade secrets, and made defamatory statements about the reason for termination—were "so intertwined" with the contract that application of the contract's forum selection clause should have been foreseen by Delta, a sophisticated party. *Id.* at 690 (citing *Atl. Marine*, 571 U.S. at 66; *Allied Sound, Inc. v. Dukane Corp.*, 934 F. Supp. 272, 276 (M.D. Tenn. 1996)); *see also Atl. Marine*, 571 U.S. at 66 ("When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations."); *Allied Sound*, 934 F. Supp. at 276 ("When an action arises from a contract or contractual relationship between two parties, the choice of forum clause in that contract governs.").

The reasoning in *Delta* applies here. And in this instance, the forum selection clause is even broader than the cases cited in *Delta*. The TFT Contract states: "Any dispute under this agreement *or related to this agreement* shall be decided in accordance with the laws of the Province of Ontario, and shall be litigated in the courts of the Province of Ontario." (ECF No. 1-3, PageID.20 (emphasis added).) TFT and Magna agreed to litigate in Ontario for *any* dispute *related to* the contract. There is no way to argue that EDC's suit to enforce the TFT Contract is not related to the TFT Contract.

Courts routinely enforce forum selection clauses after the alleged termination of a contract where the clause addresses "all disputes"—language which is even narrower than the "any disputes" and "all related disputes" provided here. *See, e.g.*, *Allied Sound, Inc. v. Dukane Corp.,* 934 F. Supp. 272, 275–76 (M.D. Tenn. 1996) (holding that because forum selection clause

6

applied to "*all disputes*," action for tortious interference of contractual relations was "intertwined with the agreement" even after contract was terminated (emphasis in original)); *Micropower Group v. Ametek, Inc.*, 953 F. Supp. 2d 801, 807 (S.D. Ohio 2013) (enforcing provision that "[t]he exclusive forum for adjudication of *any disputes* shall be the federal or state courts of the Commonwealth of Pennsylvania" where plaintiff sued for fraud and misappropriation of trade secrets after defendant terminated their contract (emphasis added)).

EDC argues that this situation is different because neither party in this case wants to enforce the forum selection clause in their contract. (ECF No. 11, PageID.147 n.7.) But EDC offers no legal authority to support that distinction, and the Court is aware of none. And EDC is not quite right that neither party wants to enforce the clause—although Magna would presumably seek transfer to the Middle District of Tennessee in order to maintain a consistent position that the Magna T&Cs govern, Magna requests enforcement of the Ontario forum selection clause as its first choice forum. (ECF No. 9, PageID.88–91; ECF No. 12, PageID.325.)

Moreover, all of Magna's grounds for dismissal are "intertwined" with the original TFT Contract. To construe the TFT Contract's terms for termination, or determine whether it contains a scrivener's error, or whether the parties entered into an implied contract through continued performance, the Court must consider the terms of the TFT Contract. And the TFT Contract requires the application of Ontario law, which is much better undertaken by an Ontario court.

In sum, EDC's suit to enforce TFT's contract with Magna is clearly intertwined with that contract, TFT and Magna expressly agreed to litigate in Ontario according to Ontario law for any dispute related to that contract, and Magna and EDC, as TFT's successor, being sophisticated business entities, should have foreseen application of the forum selection clause. Accordingly, the Court will apply the parties' forum selection clause in the TFT Contract to these claims. The forum

selection clause "represents the parties' agreement as to the most proper forum" and neither party has identified any "extraordinary circumstance" why the motion to enforce the clause should be denied. *See Atl. Marine*, 571 U.S. at 62 (quoting *Stewart Org.*, 487 U.S. at 31).

### III. Magna's Other Grounds for Dismissal

Because the complaint must be dismissed under the parties' forum selection clause, the Court will not address whether EDC adequately states a claim for relief.

### IV. Conclusion

For the foregoing reasons, the Court GRANTS Magna's motion to dismiss (ECF No. 9). The motion is GRANTED to the extent that the action is DISMISSED under the doctrine of *forum non conveniens* and the forum selection clause in the TFT Contract. As this disposes of the case, the Court does not address the other grounds for dismissal.

SO ORDERED.

Dated: December 30, 2020

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE